State of Nebraska, appellee, v.
Gary S. Muse, appellant.
727 N.W.2d 689

Filed February 23, 2007.   No. S-05-947.

Stefanie A. Martinez and James Walter Crampton for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

Heavican, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Heavican, C.J.

Having reviewed the briefs and record and having heard oral arguments, we conclude on further review that the decision of the Nebraska Court of Appeals in *State v. Muse*, 15 Neb. App. 13, 721 N.W.2d 661 (2006), is correct.

We are not persuaded by the concerns raised by the opinion dissenting from the judgment of the Court of Appeals. That dissent cites *State v. Baker*, No. A-00-177, 2001 WL 221557 (Neb. App. Feb. 6, 2001) (not designated for permanent publication), for the proposition that "the relevant information should not be considered properly filed for purposes of speedy trial calculations until it was file stamped." *Muse*, 15 Neb. App. at 31, 721 N.W.2d at 675 (Irwin, J., dissenting). The dissent thus concludes that the lack of a file stamp on the second amended information indicates the information was never properly filed and the district court lacked jurisdiction.

In *Baker*, although the information was file stamped, the defendant contended the information had actually been filed before the date reflected on the stamp. In its opinion, the Court of Appeals simply concluded there was insufficient evidence in the record to suggest that the information was filed on an earlier date. As such,

the Court of Appeals determined the file-stamped date controlled. This court granted further review, but later dismissed the petition as having been improvidently granted. *State v. Baker*, 262 Neb. xxvi (No. S-00-177, Sept. 12, 2001).

While we encourage the practice of using file stamps, we do not read *Baker* as requiring that an information be file stamped in order to be filed. As such, we affirm the decision of the Court of Appeals.

AFFIRMED.